IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
BRUNSWICK DIVISION

FILED
U.S. DISTRICT COURT
BRUNSWICK DIV.

2006 OCT 23  A 10: 41

CLERK _S. LaVictoire_

JOSEPH EDWARD ALLEN,                  :

        Petitioner,                       :

        vs.                               :         CIVIL ACTION NO.: CV206-115

JOSE M. VAZQUEZ, Warden,              :

        Respondent.                       :

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Petitioner Joseph Edward Allen ("Allen"), an inmate currently incarcerated at the Federal Correctional Institution in Jesup, Georgia, has filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. Respondent filed a Response, and Allen filed a Traverse. For the reasons which follow, Allen's petition should be **DENIED**.

## STATEMENT OF THE CASE

Allen was convicted in the Northern District of New York for: dealing in counterfeit United States currency, in violation of 18 U.S.C. § 472; counterfeiting federal reserve notes, in violation of 18 U.S.C. § 471; possession of a firearm by a convicted felon, in violation of 18 U.S.C. § 922(g)(1); and bank fraud, in violation of 18 U.S.C. § 1344. Allen was sentenced to 57 months' imprisonment on May 10, 2005.

In the instant petition, Allen seeks review of the Bureau of Prisons' denial of jail credit from November 20, 2002, through February 16, 2003. Respondent asserts that the Bureau of Prisons has correctly computed Allen's sentence, and he is not entitled to his requested relief.

AO 72A
(Rev. 8/82)

## DISCUSSION AND CITATION

It is the duty of the United States Attorney General, acting through the BOP, to determine the amount of credit due for the time served by the defendant prior to sentencing.  18 U.S.C. § 3621; United States v. Wilson, 503 U.S. 329, 335, 112 S. Ct. 1351, 1355, 117 L. Ed. 2d 593 (1992).  18 U.S.C. § 3585, which deals with "credit for prior custody," is controlling for making credit determinations for sentences imposed under the Sentencing Reform Act. These statutes provide:

> (a) Commencement of sentence. – A sentence to a term of imprisonment commences on the date the defendant is received in custody awaiting transportation to, or arrives voluntarily to commence service of sentence at, the official detention facility at which the sentence is to be served.
>
> (b) Credit of Prior Custody. – A defendant shall be given credit toward the service of a term of imprisonment for any time he has spent in official detention prior to the date the sentence commences –
>
> > (1) as a result of the offense for which the sentence was imposed; or
> >
> > (2) as a result of any other charge for which the defendant was arrested after the commission of the offense for which the sentence was imposed;
>
> *that has not been credited against another sentence.*

18 U.S.C. § 3585 (Emphasis added).  In determining the proper credit, a two part analysis is helpful.  First, it must be determined when the sentence commenced.  A sentence "cannot begin prior to the date it is pronounced, even if made concurrent with a sentence already being served." United States v. Flores, 616 F.2d 840, 841 (5th Cir. 1980).  Here, Allen's current sentence began on May 10, 2005, the date he was sentenced in federal court.  Next, it must be determined what credit is due for time served prior to the commencement of Allen's current sentence.

2

The court must begin with the plain language of the statute itself. See Harris v. Garner, 216 F.3d 970, 972 (11th Cir. 2000) (en banc) ("We begin our construction of [a statutory provision] where courts should always begin the process of legislative interpretation, and where they often should end it as well, which is with the words of the statutory provision."); United States v. Steele, 147 F.3d 1316, 1318 (11th Cir. 1998). Section 3585(b) clearly states that, in some circumstances, a defendant is entitled to credit for time served prior to sentence commencement *unless* that time has been credited against another sentence.

Allen was arrested on November 19, 2002, in the State of Michigan based on state charges and remained in state custody. On November 20, 2002, the United States Secret Service lodged a detainer[1] against Allen. Allen was sentenced in the State of Michigan on March 6, 2003, to 90 days' imprisonment, with 107 days' time served. On March 7, 2003, Allen entered into federal custody and was sentenced in the Northern District of New York to 57 months' imprisonment on May 10, 2005. (Pet., p. 4.) The Bureau of Prisons awarded Allen credit against his federal sentence from February 17, 2003 (17 days prior to his release from state detention), through May 9, 2005. (Resp., p. 4.) The period of credit that Allen is currently seeking– November 20, 2002, through February 16, 2003– was credited against his state sentence. If Allen were also credited with this time against his current federal sentence, this would amount to "double credit."

---

[1] Allen contends that the bond amount for his Michigan charge was placed at an excessive amount as a result of the federal detainer lodged against him. Allen asserts that the excessive bond amount was the same thing as having no bond at all, and thus, his time in state detention should be credited against his federal sentence. This contention is without merit for the reasons discussed in the body of this Report.

3

AO 72A
(Rev. 8/82)

## CONCLUSION

Based on the foregoing, it is my **RECOMMENDATION** that Allen's petition for writ of habeas corpus, filed pursuant to 28 U.S.C. § 2241, be **DENIED**.

**SO REPORTED** and **RECOMMENDED**, this _23_ day of October, 2006.

JAMES E. GRAHAM
UNITED STATES MAGISTRATE JUDGE

4

AO 72A
(Rev. 8/82)